NO. 07-06-0196-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 9, 2006
_____

JUAN MOISES BLANCO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 22ND DISTRICT COURT OF CALDWELL COUNTY;

NO. 2003-272; HONORABLE TODD BLOMERTH, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Pursuant to a guilty plea, appellant, Juan Moises Blanco, was convicted of possession of a controlled substance and sentenced to two years confinement, probated in favor of five years of community supervision, and a $1,000 fine. By a single issue, he contends the trial court erred in denying his motion to suppress evidence obtained from a search incident to his arrest. We affirm.

Appellant was charged with possession of a controlled substance after police officers discovered heroin in his sock during a search incident to his arrest.

On February 6, 2003, Lockhart Police Officer Richard Torres was dispatched to Elm Square Apartments to investigate a call that four suspicious males were walking around the apartment complex looking in windows. Dispatch informed him that the men were seen leaving the scene in a red Grand Am and that the witness was able to obtain the vehicle's license plate number. Unable to locate the suspects at the scene, Officer Torres began patrolling around town. Several minutes later, he observed a vehicle matching the witness's description and license plate number and initiated an investigatory detention.

When Officer Torres approached the vehicle, he observed appellant in the driver's seat and two male passengers. He advised the men that the vehicle was reported as suspicious and asked them what they were doing at Elm Square Apartments. A check on appellant's driver's license revealed that he had outstanding warrants for his arrest. Upon learning this information, Officer Torres immediately placed appellant under arrest. He then proceeded to search the vehicle and discovered syringes containing heroin residue in the trunk. When confronted with the evidence, appellant admitted that they were his and informed the officer that he had heroin and marihuana in his socks.

After waiving arraignment, appellant filed a motion to suppress the drug evidence claiming he was arrested without a warrant and without probable cause in violation of the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. At the hearing on the motion, the court heard testimony from the witness who observed the

suspicious activity and Officer Torres. By letter brief, appellant asserted that Officer Torres did not have sufficient grounds to stop and arrest him because the officer failed to meet the requirements of article 14.03(a) of the Texas Code of Criminal Procedure.[1] The court subsequently denied appellant's motion, and appellant pled guilty to the offense.

By his sole issue, appellant contends the trial court erred by denying his motion to suppress because Officer Torres lacked specific articulable facts to justify an investigatory stop. We disagree.

We review a trial court's ruling on a motion to suppress for abuse of discretion. Balentine v. State, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002). Under this standard, we afford almost total deference to the trial court's determinations of historical facts when supported by the record. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). However, mixed questions of law and fact not dependent on evaluation of credibility and demeanor, such as those involving investigatory detentions and reasonable suspicion, are reviewed de novo. Sanders v. State, 992 S.W.2d 742, 744 (Tex.App.–Amarillo 1999, pet. ref'd) (citing Hunter v. State, 955 S.W.2d 102, 107 (Tex.Crim.App. 1997)). When, as here, the trial court does not file findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex.Crim.App. 2000).

---

[1]At the conclusion of the testimony at the motion to suppress hearing, the court requested that counsel present their arguments by brief.

3

A police officer may stop and briefly detain persons reasonably suspected of criminal activity, even if probable cause to arrest is not then present. See Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The reasonableness of the detention must be examined in terms of the totality of the circumstances and is justified when the detaining officer has specific articulable facts leading to a reasonable conclusion that the person to be detained is, has been, or soon will be engaged in illegal activity. Woods v. State, 956 S.W.2d 33, 38 (Tex.Crim.App. 1997). Considering the facts known to the officer here, we conclude that he was justified in detaining appellant.

Officer Torres testified that, immediately prior to the stop, he was investigating a report of four suspicious males seen looking in windows at an apartment complex shortly before four o' clock in the morning. The officer was aware that the apartment complex had a reputation for drug activity. Dispatch informed him that the suspicious persons left the scene in a red Grand Am and he was provided with the vehicle's license plate number. Seven minutes after being dispatched, he observed a vehicle which fit the description and displayed the same license plate number. He testified that he initiated the investigatory detention to determine what the occupants were doing at the apartment complex. He subsequently discovered appellant had several outstanding warrants for his arrest. Based on this evidence, considering the totality of the circumstances, we conclude Officer Torres had reasonable suspicion to believe that appellant's vehicle was, had been, or would soon be engaged in illegal activity based on the specific articulable facts provided by dispatch. See, e.g., Sanders, 992 S.W.2d at 742 (officer dispatched to attempted burglary observed defendant driving away from the scene); Richardson v. State, 753 S.W.2d 759, 767,

4

(Tex.App.–Dallas 1988, no pet.) (description of defendant and his vehicle matched that provided by dispatcher).

By his brief, appellant maintains his detention was not justified because the evidence fails to establish that he was in a suspicious place and guilty of or about to commit some offense as required by article 14.03(a)(1)of the Texas Code of Criminal Procedure. However, his reliance on this provision is misplaced. Article 14.03 pertains to the authority of peace officers to conduct a warrantless arrest as opposed to a temporary investigative detention. See TEX. CODE. CRIM. PROC. ANN. art. 14.03(a) (Vernon 2005). With respect to the latter, law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. Terry, 392 U.S. at 22; Crockett v. State, 803 S.W.2d 308, 311 (Tex.Crim.App. 1991).

Viewing the evidence in the light most favorable to the trial court's ruling, we find the trial court did not err in denying appellant's motion to suppress.

Accordingly, the trial court's judgment is affirmed.


Mackey K. Hancock
Justice


Do not publish.